# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00398-CR

**Benny Rivera Rodgers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT
### NO. DSM-13-01853, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  A jury convicted appellant Benny Rivera Rodgers of the offense of possession of a controlled substance, methamphetamine, in an amount less than one gram.[2]  Punishment was assessed at two years' confinement in state jail and a $5,000 fine.

The jury heard evidence that on October 3, 2013, Deputy Brent Frazier of the Concho County Sheriff's Department, along with other officers, executed a search warrant at a residence located in the City of Eden.  Frazier testified that upon entry into the residence, they discovered three individuals inside, later identified as Rodgers, Karla Poindexter, and Calie Brown.  During the search of the residence, officers discovered a syringe containing a clear liquid that

---

[1]  386 U.S. 738 (1967).

[2]  *See* Tex. Health & Safety Code § 481.115(b).

Frazier believed to be methamphetamine. Frazier testified that the syringe was located in Rodgers's bedroom, on a nightstand near the bed. According to Frazier, officers also found in the bedroom a letter from the State of Texas addressed to Rodgers, "miscellaneous pills and two small bags of marijuana," a digital scale, and a small box containing a pill bottle, with the names "Karla & Benny" handwritten inside the box. Herman Carroll, a forensic scientist with the Texas Department of Public Safety, tested the liquid that was found inside the syringe. Carroll testified that the liquid was in fact methamphetamine and that the aggregate weight of the methamphetamine contained within the syringe was .65 grams. Based on this and other evidence, the jury found Rodgers guilty of the offense of possession of a controlled substance.

During the hearing on punishment, the district court admitted into evidence a 2013 judgment of conviction against Rodgers for the offense of possession of a controlled substance, again methamphetamine; a 2011 order revoking probation for the offense of violating a protective order; and a 1997 judgment of conviction for the offense of driving while intoxicated. After considering this and other evidence, the jury assessed punishment as noted above, and the district court rendered judgment on the jury's verdict. This appeal followed.

Rodgers's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that she has provided

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

copies of the motion and brief to Rodgers, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record.[4] In response, Rodgers has filed a pro se brief in which he raises various complaints regarding the proceedings below, including claims that counsel was ineffective, that the jury was biased against him, and that the deputy who testified in court "lied" and was not a credible witness.

We have independently reviewed the record and have found nothing that might arguably support the appeal.[5] We agree with counsel that the appeal is frivolous. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:  August 28, 2015

Do Not Publish

---

[4] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

[5] *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).